IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HECTOR KASSE<br><br>PLAINTIFF<br>v.<br><br>METROPOLITAN LUMBER & HARDWARE, INC.<br><br>DEFENDANT | CIVIL NO. 16-2636<br><br>RE: RETALATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT<br>PR¢S LAW NO.115 OF DECEMBER 20, 1991.<br><br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

**INTRODUCTION**

1. This is action for injunctive relief, back pay, double compensatory and liquidated damages arising under the anti-retaliation provision of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §623 (d), Puerto Rico¢s Law No. 115 of December 20, 1991 (Law 115) and

1

the anti-retaliation prohibition of Puerto Rico's Law No. 100 of June 30, 1959, as amended, (Law 100) since the Defendant has retaliated against Plaintiff for engaging in protected activities under ADEA, Law 100 and under Law 115.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. 621 et seq., 29 U.S.C. Sec. 633a (c), 29 U.S.C. 1132 (e)(1) and 28 U.S.C. 1331.

3. This Court's exercise of supplemental jurisdiction over the local law claim is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with.

   a. A charge of employment retaliation on the basis of retaliation was filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"), within 300 days of the commission of the unlawful employment practice alleged herein.

   b. The parties could not solve their differences at the agency.

   c. The EEOC issued a Notice of Right to Sue on June 16, 2016.

   d. This complaint is being filed within 90 days of receipt of the "EEOC" notice of right-to-sue.

6. All the retaliatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant METROPOLITAN LUMBER & HARDWARE, INC. (hereinafter referred to as "MLH") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant is "persons" within the meaning of 29 U.S.C. 630 (a).

9. Defendant employs 15 or more employees and is an "employer" within the meaning of 29 U.S.C. 630 (b).

10. Defendant is engaged in industries affecting commerce within the meaning of 29 U.S.C. 630 (h).

11. Defendant MLH is a successor employer of N.L. Store, Inc., National Lumber & Hardware, Inc. and other corporations that are or were part of what is known as Empresas Pitusa or Ferreterias Pitusa, also known as National Lumber and Hardware. Defendant MLH acquired ongoing business of N.L. Store, Inc., National Lumber & Hardware, Inc. and other corporations that are or were part of what is known as Empresas Pitusa or Ferreterias Pitusa, also known as also known as National Lumber and Hardware. Defendant and its predecessors operate a chain of hardware stores in PR under the name of National Lumber & Hardware, Inc. Kasse has worked uninterruptedly at these stores since February 2, 1992, and has kept his employment seniority since 1992, notwithstanding the changes in names. These entities have always continued the same business activity of the predecessor, which is hardware stores. The entities have carried the same operation, use the same suppliers and same employees, sell the same products, and have always have a continued operation, as well as the same name. The corporations have always used the same premises, employees, supervisors, equipment, production techniques; entities are providing the same service; have retained the same name; and have haven a continuous operation selling the

same products.

## THE NARRATIVE

13. Plaintiff (Kasse) is of legal age and resident of Carolina, PR

14. Kasse has been manager of several of defendant's stores in PR.

15. Kasse's performance as manager, as well as performance of all store managers, is evaluated by a supervisor who prepares, after each evaluation, a written report called Supervision Report ("*Informe de Supervision*"). The Supervision Reports measures approximately 163 items related to the store and/or manager's performance. The supervisors has to mark "*Complied*" or "*Not Complied*" as to each item. The report is finally graded by the supervisor as "*Acceptable*" or "*Not Acceptable*." The items measured by the report are the items that, if complied by the manager, are supposed to increase the sales of the store. In other words, the goal of the compliance with these items is to have better sale results.

16. On December 10, 2014, Kasse filed a judicial complaint against the defendant in the case 2014-cv-01894 (SCC) before this District Court, which is pending. This complaint was originated in a charge of employment discrimination on the basis of age discrimination that Kasse had filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC") on March 18, 2014.

17. In retaliation to the mentioned filings, the following actions, among others, have been taken by Defendant against Kasse:

a. In not less than 3 occasions, MLH has admonished Kasse without just cause. Defendant has accused Kasse of lack of interest and has based the warnings on false and fabricated facts. For instance, on February 15, 2015, Defendant's Human Recourses Manager addressed a

disciplinary action to Kasse alleging that he did not comply with his duties. Nevertheless, the Supervision Report made before that date, on February 3, 2015, showed that Kasse complied with his duties and was graded as "*Acceptable*". On April 27, 2016, Defendant issued a disciplinary actions against Kasse alleging that he did not reach the minimum production level and performance, which was false. Nevertheless, the Supervision Reports of March 4 and May 6, 2016 showed that Kasse complied with his duties and were graded as "*Acceptable*".

      b.      On July 6, 2016 a report was made alleging that Kasse did not comply with the administrative duties. This was not true. Kasse complied with his duties.

      c.      Whenever an evaluation of managers is going to take place, the first manager evaluated is Kasse in order to deny him time to prepare for the evaluation.

      d.      Defendant did not pay to Kasse monetary bonuses that are commonly given to other employees, affecting the amount of his compensation.

      e.      Defendant has given preferential treatment to employees who have not filed charges and complaints against MLH. Defendants requests Kasse to comply with items that are not required to other managers.

      f.      Kasse has been admonished with further disciplinary actions and Defendant is constantly watching Kasse's work in order to fabricate causes for his discharge.

      18.      These actions and other actions have been taken by Defendant in order to dissuade Kasse to participate in the protected activities, and are actions that could well dissuade a reasonable person to participate in protected conduct. Kasse is devastated emotionally. Kasse has haven to seek medical attention for this emotional devastation. A hostile work environment has been created.

19. Defendant's conduct is the proximate cause of Kasse's damages.

## FIRST CAUSE OF ACTION:

20. Kasse repeats and realleges each and every preceding allegation as if fully set herein.

21. Plaintiff, while employed by the defendant, performed the duties of his positions in a satisfactory manner.

22. Defendant took the described adverse actions and created a hostile work environment against Kasse in retaliation for his engagement in the described protected activities under the ADEA, Law 100 and Law 115. In fact, he participated in protected activities and adverse actions were subsequently taken against him. There is a casual connection between the Plaintiff's participation in the protected activity and the action taken by the defendant.

23. As a result of defendant's retaliation, Plaintiff has been emotionally devastated.

24. Defendant is liable to the plaintiff for compensatory and emotional damages, back pay, double damages, and he is entitled to reinstate in his job.

25. Defendant's retaliatory conduct constitutes a willful violation of ADEA and, as a result therefore, defendant is liable to Plaintiff for liquidated damages. Defendant's conduct constitutes retaliation in violation of ADEA, Law No. 115 and Law 100, and as result of thereof defendant is liable for compensatory and double damages.

## TRIAL BY JURY

26. Plaintiff demands that the instant action be tried before a jury.

## RELIEF REQUESTED

27. Plaintiff prays the Court to grant her the following relief:

a. A judgment against defendant for back pay and loss of employment benefits, plus interest as allowed by law until paid in full.

b. An injunction against defendant to permanently and forever enjoined it from any further prohibited retaliation against Plaintiff.

c. Lost compensation.

e. An award of liquidated damages equal to twice the back pay lost by Plaintiff.

f. An award of compensatory damages for the emotional suffering and distress resulting from Defendant's retaliatory actions in an amount not less than $100,000.00.

g. An award of double compensatory damages and backpay pursuant to Law No. 100 and Law 115.

h. An award of attorney's fees, together with costs and necessary disbursements.

i. Any other remedy that this Court may deem just and proper.

j. Such other relief as the Court deems just and proper.

### PETITION FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for judgment against defendants for relief for the total amount of damages claimed, as part of this COMPLAINT, together with prejudgment interest, costs and attorney's fees and for such other further relief as necessary and appropriate.

In San Juan, Puerto Rico, this 13th day of September 2016.

S/Manuel Durán-Rodríguez

MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMÉRICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com
